In the Matter of FRANK CRISONA, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.

Second Department, January 21, 1974.

· *Solomon A. Klein* (*Nicholas C. Cooper* of counsel), petitioner in person.

*Frank J. Crisona,* in person, and *Lawrence E. Feitell* for Frank Crisona, respondent.

*Per Curiam.* The respondent was admitted to the Bar on June 11, 1943, at a term of the Appellate Division of the Supreme Court in the Second Judicial Department. The petition sets forth three charges of professional misconduct against the respondent. The Justice of the Supreme Court to whom the issues herein were referred has submitted his report to this court in which he concludes that two of the three charges have been sustained. The petitioner now moves to confirm the report.

Charge One, which was sustained, is that the respondent was convicted of crimes involving moral turpitude. The charge is based upon the respondent's conviction, after trial, on December 11, 1968 in the United States District Court for the Southern District of New York of seven counts of violating section 2314 of title 18 of the United States Code (dealing with interstate frauds and transportation of stolen money); two counts of fraud by interstate wire (U. S. Code, tit. 18, § 1343); and one count of conspiracy to defraud (U. S. Code, tit. 18, § 371). The convictions stemmed from a scheme by which persons seeking mortgage loans were fraudulently induced to make "advance fee payments", which were then appropriated by the perpetrators. We are in agreement with the findings of the reporting Justice that the respondent's participation in the crimes was active and knowing.

Charge Three, which was sustained, is that on December 19, 1966 and January 23, 1967 the respondent knowingly gave false testimony to the Grand Jury for the United States District Court for the Southern District of New York.

In our opinion, both charges were fully sustained by the evidence. Accordingly, the petitioner's motion to confirm the report is granted.

The respondent is adjudged guilty of serious professional misconduct and should be and he hereby is disbarred from the

further practice of law and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.

HOPKINS, Acting P. J., CHRIST, BRENNAN, BENJAMIN and MUNDER, JJ., concur.